NOT DESIGNATED FOR PUBLICATION

No. 120,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY A. LUTCHKA JR.,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed April 10, 2020. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN AND POWELL, JJ.


PER CURIAM: Anthony A. Lutchka Jr., appeals the district court's decision to revoke his probation and require that he serve his underlying 11-month prison sentence. But Lutchka asked the district court to revoke his probation; he doesn't explain how the court erred by granting that request. We generally will set aside a district court's decision to revoke probation only when no reasonable person would agree with the decision made by the court. And a reasonable person could agree with the court's decision to revoke Lutchka's probation; he asked it to.

To place this appeal in context, Lutchka's underlying conviction was for criminal damage to property, a severity-level-9 offense (the least serious type of felony). In exchange for Lutchka's guilty plea, the State dismissed another case pending against him.

The record before us doesn't give any details about that other case, but Lutchka had been in jail because of it for at least two months when the State dismissed it. For the criminal-damage-to-property offense in this case, the district court imposed a sentence within the presumptive range of our state's sentencing guidelines: 12 months of probation with an underlying 11-month prison term that Lutchka would have to serve if he didn't successfully complete the probation.

Two months after Lutchka started probation, the State alleged that he had violated it by "engaging in assaultive behavior" as described in a report from the Wichita Police Department. That report isn't in our record, nor are many details about the incident. But after admitting to the violation at his probation-revocation hearing, Lutchka said that he had been wrestling with his niece while intoxicated and that things had gotten "a little out of hand. . . ."

Lutchka and the State asked the district court to revoke his probation rather than imposing an intermediate sanction—such as a short jail stay followed by a return to probation—because of public-safety concerns. See K.S.A. 2019 Supp. 22-3716(c)(7)(a). It's not uncommon for a defendant to make that request—sometimes spending several months in prison seems less daunting than the prospect of a lengthy probation term. In this case, for example, based on the time that Lutchka had already spent in custody while awaiting sentencing and the probation-revocation hearing, he had already served more than 4 months of his underlying 11-month prison sentence.

The district court found that leaving Lutchka on probation would threaten public safety because he had assaulted a relative while intoxicated; based on that, the court revoked his probation. Lutchka asked the court to impose a lesser sentence instead of his underlying 11-month prison sentence to account for the time he had spent in jail on his other case before it was dismissed. See K.S.A. 2019 Supp. 22-3716(c)(1)(C) (allowing district court to impose a lesser sentence when it revokes probation). But the district court

denied that request and imposed the 11-month sentence, finding that a modification wasn't warranted because Lutchka had already gained the benefit of the State dismissing the other case.

On appeal, Lutchka does not challenge the district court's finding that he presented a public-safety risk. Instead, he just states that "the district court erred in revoking his probation and in imposing the underlying prison sentence." Lutchka doesn't explain how the court erred. Nor does he contend that the district court lacked the discretion to revoke his probation. So whether to revoke his probation was a discretionary call for the district court. And unless the district court has made a legal or factual error, we will set aside it's discretionary decision only if no reasonable person could agree with the court's decision. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). A reasonable person could agree with the district court here because Lutchka asked the court to revoke his probation and had admitted dangerous behavior while on probation. We find no abuse of discretion in the district court's decision to revoke Lutchka's probation and to impose the underlying prison sentence.

On Lutchka's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Our review in a summary-disposition case is made entirely on the record that was before the sentencing court. Supreme Court Rule 7.041A(b) (2019 Kan. S. Ct. R. 47). Looking at that record, we see that in his notice of appeal Lutchka said that "[s]pecifically, [he] appeals the District Court's decision to deny his request for a sentence modification." Considering the notice of appeal and Lutchka's comments at his probation-violation hearing, perhaps the real issue Lutchka is trying to raise here is a challenge to the district court's decision not to impose a lesser sentence when it revoked his probation.

But even if we consider that argument, he still has shown no error by the district court. That court's decision on whether to impose a lesser sentence when revoking probation is discretionary, and there was nothing unreasonable about the court's decision here. See *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). The benefit of Lutchka pleading guilty to the criminal-damage-to-property charge was that the State dismissed three misdemeanor charges and a separate case against him. So the 11-month prison sentence he received—a sentence in the low range of the sentencing guidelines—was less than he would have faced if he'd been convicted on all the charges brought against him. Considering that background and Lutchka's performance on probation, a reasonable person could agree with the court's conclusion that a lesser sentence wasn't warranted.

We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Lutchka's probation and impose his underlying 11-month prison sentence. We therefore affirm the district court's judgment.